UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA STEVENSON ) | Case Number |
| ) | |
| **Plaintiff** ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| NATIONAL ACTION FINANCIAL ) | JURY TRIAL DEMANDED |
| SERVICES, INC. ) | |
| **Defendant** ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Tina Stevenson, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.     INTRODUCTORY STATEMENT

1.     Plaintiff, Tina Stevenson, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and Defendant maintains a registered office in this District.

## III.   PARTIES

4. Plaintiff, Tina Stevenson ("Plaintiff") is an adult natural person residing at 1197 Nathan Mauldin Drive, Lawrence, GA 30046.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, National Action Financial Services, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Georgia and the Commonwealth of Pennsylvania with its registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

7. On or around early February 2010, the Plaintiff began receiving phone calls from the Defendant regarding an alleged debt due to Bank of America.

8. The alleged debt that the Defendant is attempting to collect is from approximately 13 years ago and has since been charged off.

9. The fact that the Defendant referred to the Plaintiff by the Plaintiff's maiden name was a confirmation that the debt is from over 13 years ago, since she was married and changed her name in March of 1996.

10. The Defendant continuously calls the Plaintiff at least two to three times a day trying to collect on this debt.

11. The Plaintiff receives voicemails on her cell phone from the Defendant stating that the Defendant is a debt collector but the Defendant never stated the name of the company from which they were calling on the message.

12. The Defendant will place phone calls within minutes of each other to the Plaintiff's cell phone.

13. On or around June 17, 2010, the Plaintiff received a message on her cell phone from an agent of the Defendant named, "John Hutchins," who was very sarcastic throughout the message and at the end began saying, "I am so sick of…" at which point the call was disconnected.

14. The Plaintiff has received automated messages from the Defendant on the Plaintiff's cell phone stating, "If this is not Tina Richards, do not listen to this message."

15. The Plaintiff has called the Defendant to inform them that she wants all communication to cease but the Defendant continues to contact the Plaintiff.

16. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT I – FDCPA**

21. The above paragraphs are hereby incorporated herein by reference.

22.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d(2): | Profane language or other abusive language |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692d(6): | Placed telephone calls without disclosing his/her identity |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount, or legal status of the alleged debt |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(1): | Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, National Action Financial Services, Inc. and Order the following relief:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**
**WARREN & VULLINGS, LLP**

**Date: August 2, 2010**

**BY: /s/ Brent F. Vullings**

Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff